IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **DARYUS D. SULLIVAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:24-cv-657-RAH-CWB |
| ) | |
| **RUSSELL COUNTY SHERIFF DEPT.,** ) | |
| et al., ) | |
| ) | |
| **Defendants.** ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff is a *pro se* inmate who brought this action under 42 U.S.C. § 1983 to challenge the constitutionality of conditions at the Russell County Jail. (*See* Doc. 1). Pending initially for resolution is Plaintiff's motion for class certification and appointment of counsel. (*See* Doc. 3).

As to Plaintiff's request for counsel, the court notes that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Though Plaintiff has been afforded *in forma pauperis* status, and though 28 U.S.C. § 1915(e)(1) does authorize the appointment of counsel for indigent plaintiffs, the court retains broad discretion in that regard. *See Killian v. Holt*, 166 F.3d 1156, 1157 (11th Cir. 1999). And it generally is recognized that the appointment of counsel in civil cases is "a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992) (quoting *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987)). Here, the court finds from its review of the record that the issues raised in the Complaint are not novel or unduly complex. Nor has Plaintiff presented any exceptional

1

circumstances that might justify the appointment of counsel. *See Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993); *see also Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990).

Turning to Plaintiff's request to pursue claims on a class basis, the court must ensure that the "representative parties will fairly and adequately protect the interests of the class." *See* Fed. R. Civ. P. 23(a)(4). While a *pro se* inmate may "plead and conduct" his own claims in federal court, *see* 28 U.S.C. § 1654, it consistently has been held that no similar right exists to litigate on behalf of a class of others. *See Johnson v. Brown*, 581 F. App'x 777, 781 (11th Cir. 2014) ("[T]he district court did not abuse its discretion when it denied [the *pro se* inmate plaintiff's] motion for class certification. ... As a *pro se* litigant, [the plaintiff] cannot bring an action on behalf of his fellow ... inmates.") (citing *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008) (explaining that 28 U.S.C. § 1654 provides "a personal right that does not extend to the representation of the interests of others")).[1]

For these reasons, the Magistrate Judge hereby **RECOMMENDS** as follows:

1. that Plaintiff's motion for class certification and appointment of counsel (Doc. 3) be denied; and

2. that this case be referred back to the Magistrate Judge for further proceedings.

---

[1] *See also Howard v. Pollard*, 814 F.3d 476, 478 (7th Cir. 2015) ("[I]t is generally not an abuse of discretion for a district court to deny a motion for class certification on the ground that a pro se litigant is not an adequate class representative.") (emphasis removed); *DeBrew v. Atwood*, 792 F.3d 118, 132 (D.C. Cir. 2015) ("The district court did not abuse its discretion in concluding [the *pro se* plaintiff] could not [fairly and adequately protect the interests of the class] because a *pro se* litigant who is not trained as a lawyer is simply not an adequate class representative."); *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (finding a *pro se* plaintiff not to be an adequate class representative "because the competence of a layman is 'clearly too limited to allow him to risk the rights of others.'") (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)); *Massimo v. Henderson*, 468 F.2d 1209, 1210 (5th Cir. 1972) (concluding that a *pro se* inmate could not bring a petition for equitable relief on behalf of his fellow inmates).

It is **ORDERED** that all objections to this Recommendation must be filed no later than **December 3, 2024**. An objecting party must identify the specific portion(s) of factual findings/legal conclusions to which objection is made and must describe in detail the basis for each objection. Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the challenged findings or recommendations. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. An appeal may be filed only as to an appealable order entered by the District Judge.

**DONE** this the 19th day of November 2024.

**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**